IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE KELLY-MYERS<br>3205 Gurley Road<br>Philadelphia, PA 19154<br><br>    Plaintiff,<br><br>v.<br><br>MERCY HEALTH SYSTEM OF<br>SOUTHEASTERN PENNSYLVANIA<br>One West Elm Street<br>Conshohocken, PA 19428<br><br>    Defendant. | CIVIL ACTION<br><br>No.:<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, Nicole Kelly-Myers (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of the Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq.*), and applicable state law(s). As a direct consequence of Defendant's unlawful actions, Plaintiff seek damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in

order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

   4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

   5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

   6. Plaintiff is an adult individual with an address as set forth in the above-caption.

   7. Defendant Mercy Health System of Southeastern Pennsylvania (sometimes referred to as simply "Mercy Health System") is a non-profit entity and the largest Catholic healthcare system serving the Delaware Valley in Pennsylvania, owning/operating numerous medical facilities, including the office at which Plaintiff worked, with an address as set forth in the above-caption.

   8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

## FACTUAL BACKGROUND

   9. The foregoing paragraphs are incorporated herein as if set forth in full.

10. In or about January of 2013, Defendant merged or otherwise acquired the Philadelphia doctor's office at which Plaintiff worked (2701 Holme Ave, Suite 104, Philadelphia, PA 19152) and, as a result, Plaintiff began working for Defendant.[1]

11. When Plaintiff began working for Defendant (described *supra*), she was employed as a secretary/administrative assistant and properly considered a non-exempt employee (for overtime purposes).[2]

12. From in or about 2013, Defendant's office, at which Plaintiff worked, employed a total of two Medical Assistants and approximately two doctors (in addition to Plaintiff).

13. In or about the Spring of 2013, approximately 3 months after Plaintiff began working for Defendant (discussed *supra*) and without Plaintiff applying for a promotion, Defendant designated Plaintiff the "office manager" of her location, upon information and belief due to doctor's complaint(s)/request(s).

14. With the change of Plaintiff's title to "office manager" (discussed *supra*) in or about 2013, Defendant switched Plaintiff from a non-exempt employee to an exempt employee (i.e. Defendant no longer paid Plaintiff for overtime), although Plaintiff did not receive any substantial training in becoming office manager and Plaintiff did not have any medical or professional licenses/degrees.

15. Furthermore, despite the title change to "office manager," (described *supra*), Defendant did not hire anyone to fill Plaintiff's secretary/administrative role and did not terminate the previous office manager, Lisa Brackett (hereinafter "Brackett"), who oversaw Plaintiff's location and multiple other office locations of Defendant.

---

[1] Since in or about 2008, Plaintiff had worked at same Philadelphia location of Defendant under the previous owner.
[2] Defendant and the previous owners of Plaintiff's location both paid overtime to Plaintiff, as a non-exempt employee.

16. After her title change to office manager (described *supra*), Plaintiff's time was still primarily (well over 50%) spent in a clerical role, completing same non-exempt duties as when she was a secretary/administrative assistant, for example:

   a. As there were no other receptionists or administrative employees at Plaintiff's location (besides Plaintiff), Plaintiff was required to answer the phone on a regular basis;

   b. Plaintiff spent a large portion of her weekly hours at the front desk, effectively as the receptionist, as the other employees (Medical Assistants and doctors) rarely, if ever, performed the front desk clerical duties;

   c. Although Plaintiff had an office, she rarely used it because most of her time was spent at the front desk, performing clerical work and/or directly interacting with clients;

   d. Plaintiff regularly scheduled appointments for patients and checked patients in and out;

   e. Due to lack of staff, Plaintiff was also sometimes required to perform duties of a Medical Assistant (also a non-exempt position), such as take vital signs and take weight measurements of patients; and

   f. As the only administrative staff at the location, Plaintiff did not have independence or discretion in deciding when to complete these non-exempt tasks.

17. Upon information and belief, as an "office manager" of Defendant at her location, Plaintiff's position significantly differed from other employees of Defendant with the title "office manager" (whom Defendant may allege to be exempt employees), for example[3]:

   a. The previous office manager for Plaintiff's location (as well as other office managers) oversaw multiple offices of Defendant, whereas Plaintiff was only "office manager" for her sole office location, which had five employees in total (including two doctors);

   b. Other office managers were issued company cell phones, whereas Plaintiff was not; and

   c. Other office managers expressed disdain for being requested to perform any of the (non-exempt) clerical work that Plaintiff would perform on a daily basis.

18. On or about August 31, 2016, after being "office manager" at her location for over three years, Plaintiff was terminated by Defendant.

19. While employed with Defendant as "office manager" (discussed *supra*), Plaintiff did not have the ability to hire or terminate employees, and did not perform other typical supervisory functions.

20. During Plaintiff's employment with Defendant as "office manager," Plaintiff's set schedule was 7:00 a.m. to 3:30 p.m. (M-F), however she often worked approximately 20 hours of overtime per week.

21. During Plaintiff's employment with Defendant as "office manager," Plaintiff was only paid for 40 hours per week, regardless of how many hours she worked.

---

[3] During Plaintiff's employment, Plaintiff attended meetings with other office managers of Defendant (for locations other than Plaintiff's), including the office manager who used to oversee Plaintiff's location. Upon information and belief, the building that housed Plaintiff's office also housed a number of other offices owned/operated by Defendant.

22. Since in or about the Spring of 2013, when Plaintiff was designated "office manager" (described *supra*) and for the workweeks that Plaintiff worked overtime, Defendant failed to pay Plaintiff at a rate of time-and-a-half for those overtime hours.

23. While employed with Defendant as an "office manager," Plaintiff was at all times relevant herein unequivocally a non-exempt employee who should have been paid overtime for all hours worked over 40 hours per week at a rate of time and one half.

### Count I
### Violations of the Fair Labor Standards Act ("FLSA")
(Failure to Pay Overtime Wages)

24. The foregoing paragraphs are incorporated herein as if set forth in full.

25. At all times relevant herein, Defendant is, and continues to be, an "employer" within the meaning of the FLSA.

26. At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

27. The FLSA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

28. At all times during her employment with Defendant, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

29. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

30. Defendant failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that she worked over 40 each workweek.

31. In an effort to avoid state and/or federal wage obligations and cheat Plaintiff out of legally entitled earnings, Defendant intentionally changed Plaintiff's title from a secretary/administrative assistant to an "office manager;" thus making it appear as though Plaintiff fell within the administrative or executive exemption under the FLSA, even though Defendant had no basis to categorize her as an exempt employee..

32. As a result of Defendant's failure to pay Plaintiff the overtime compensation due her, Defendant violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

### Count II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
(Failure to Pay Overtime Wages)

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. At all times relevant herein, Defendant is, and continues to be, an "employer" within the meaning of the PMWA.

35. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the PMWA.

36. The PMWA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

37. At all times during her employment with Defendant, Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

38. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

39. Defendant failed to pay Plaintiff time and one half for all hours that she worked over 40 each workweek.

40. Defendant's failure to pay Plaintiff's wages and overtime compensation as aforesaid constitute violations of the PMWA.

## Count III
### Violation of the Pennsylvania Wage Payment Collection Law ("WPCL")
### (43 P.S. 260.3(a)-(b))

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff had an agreement with Defendant whereby Defendant agreed to compensate Plaintiff for services she performed during her employment.

43. Defendant failed to compensate Plaintiff for all wages owed during her employment.

44. Plaintiff performed the agreed-upon services for Defendant, and Defendant failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement (included but not limited to paying Plaintiff for all hours worked after hours and on weekends).

45. These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of unlawfully paying employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered legal violations at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: September 29, 2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Nicole Kelly-Myers | CIVIL ACTION |
| v. | |
| Mercy Health System of Southeastern Pennsylvania | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 9/30/16 | _(signature)_ | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3205 Gurley Road, Philadelphia, PA 19154

Address of Defendant: One West Elm Street, Conshohocken, PA 19428

Place of Accident, Incident or Transaction: Defendant place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 9/30/16          _____ Attorney-at-Law          ARK2484   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/30/16          _____ Attorney-at-Law          ARK2484   Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KELLY-MYERS, NICOLE | MERCY HEALTH SYSTEM OF SOUTHEASTERN PENNSYLVANIA |
| (b) County of Residence of First Listed Plaintiff: Philadelphia *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant: Montgomery *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | LABOR | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act "FLSA" (29USC201)
Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 9/30/16
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]